# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:11-CR-00071-JDK-KNM |
| vs. § | |
| § | |
| § | |
| § | |
| GARY ANDERSON (4) § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On January 14, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute More than 5 Kilograms of Cocaine and 280 Grams of Cocaine Base (Count 1) and Possession of a Firearm in Relation to a Drug Trafficking Crime (Count 2), both Class A felonies, Defendant Gary Anderson was sentenced on March 1, 2012, by United States District Judge Michael H. Schneider. The offenses carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. The Court sentenced Defendant to an imprisonment term of 248 months, consisting of 188 months as to Count 1 and 60 months as to Count 2, to run consecutively). The Court amended the judgment and reduced Defendant's sentence to imprisonment for a term of 120 months (consisting of 60 months as to Count 1 and 60 months as to Count 2, to run consecutively). The Court later granted a sentence reduction and reduced the term of imprisonment to 114 months

1

(consisting of 54 months as to Count 1 and 60 months as to Count 2, to be served consecutively), followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $200 special assessment. The case was reassigned to United States District Judge Jeremy D. Kernodle on September 26, 2019. Defendant completed his term of imprisonment and started his term of supervised release on February 5, 2020.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 7, 2023, United States Probation Officer Ben Sanders alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Tyler Police Department on September 6, 2023, for reportedly committing the offense of Assault Causes Bodily Injury Family Member, a class A misdemeanor.

2. **Allegation 2 (mandatory condition): The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.** It is alleged that law enforcement recovered a Glock 43 9mm loaded with rounds of ammunition in the master bedroom of Defendant's residence on December 21, 2022, during the execution of a search warrant.

3. **Allegation 3 (mandatory condition): The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.** It is alleged that the Drug Enforcement Administration, along with other law enforcement, executed a search warrant at Defendant's residence on December 21, 2022. During the search, officers discovered three industrial-sized pill presses used to manufacture pills. One of the pill presses was sitting on a work bench and appeared to be fully operational as it was covered in white powder. In addition, officers discovered numerous amounts of suspected Fentanyl pills inside plastic baggies, 12 sets of pill press dies, and 10 clear individually wrapped bags containing a multi-color powdered substance.

4. **Allegation 4 (standard condition 6): The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** It is alleged that the U.S. Probation Office conducted an employment visit after receiving

information that Defendant was no longer employed and discovered that the business was shut down. Defendant did not report this change of employment until questioned about it during an office visit on August 25, 2023.

5. **Allegation 5 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted a urine specimen that tested positive for methamphetamine on May 4, 2021.

6. **Allegation 6 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** It is alleged that Defendant did not report law enforcement contact that occurred on December 21, 2022 within seventy-two hours.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class A felonies. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing three industrial-sized pill presses used to manufacture pills, numerous amounts of suspected Fentanyl pills, 12 sets of pill press dies, and 10 clear individually wrapped bags

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

containing a multi-colored powdered substance, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 51 to 63 months, capped by the statutory maximum of 5 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Assault Causes Bodily Injury Family Member, possessing a firearm, failing to notify the probation officer of a change in employment, submitting a urine specimen that tested positive for methamphetamine, or not reporting law enforcement contact within seventy-two hours, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On January 14, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 5 of the petition and to jointly request a sentence of imprisonment for a term of 21 months, to run consecutive to the sentence imposed in Criminal Action No. 6:23-cr-106, with no further term of supervised release. After the Court explained to

Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 5 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 5 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 21 months, to run consecutive to the sentence imposed in Criminal Action No. 6:23-cr-106, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 5 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 21 months, to run consecutive to the sentence imposed in Criminal Action No. 6:23-cr-106, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation

and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 21 months, to run consecutive to the sentence imposed in Criminal Action No. 6:23-cr-106, with no further term of supervised release.

So ORDERED and SIGNED this 14th day of January, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE